**REISSUED FOR PUBLICATION**
APR 12 2022
OSM
U.S. COURT OF FEDERAL CLAIMS

**Corrected**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 1, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | |
| VICTOR CHARLES FOURSTAR, JR., | * | No. 21-1495V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Failure to Prosecute |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

<u>Victor Charles Fourstar, Jr.</u>, *pro se*, Littleton, CO, for Petitioner.
<u>Emilie Williams</u>, United States Department of Justice, Washington, DC, for Respondent.

### **DECISION**[1]

On June 21, 2021, Victor Charles Fourstar, Jr. ("Petitioner") filed a *pro se* petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that he suffered from numerous injuries resulting from several vaccinations, including some not covered by the Vaccine Act. *See generally* Pet., ECF No. 1.

On July 13, 2021, I issued an Initial Order. Initial Order, ECF No. 11. I told Petitioner that he may proceed on his claim that he suffered injuries as a result of an influenza ("flu") vaccine administered on or around October 31, 2020. *Id.* at 1; *see* Pet. at 4. I ordered Petitioner to file his medical records and a statement of completion by September 13, 2021. Initial Order at 2. I also told Petitioner that "[t]he parties shall keep the undersigned informed of any developments that warrant the court's attention . . . ." *Id.* at 7.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On August 30, 2021, Petitioner filed a motion requesting a thirty-day extension and an appointment of counsel. ECF No. 12. Petitioner also filed a motion to expand the scope of the Vaccine Act on this date. ECF No. 13 at 1, 5. On September 15, 2021, Petitioner filed a motion requesting a sixty-day extension of time to submit his medical records and a statement of completion, in lieu of his previously filed motion for thirty days. ECF No. 14.

On October 27, 2021, I issued an order in which I explained to Petitioner that special masters did not have the authority to appoint counsel or alter the scope of the Vaccine Act. Order at 1, ECF No. 15. I granted Petitioner's September 15, 2021 motion, and ordered him to file his medical records and a statement of completion by December 27, 2021. *Id.*

On November 2, 2021, Petitioner filed a "motion to amend claim(s)[ and] suspend the rules[.]" ECF No. 16 at 1. He also requested until July 28, 2022, to file his medical records. *Id.* This document was dated October 26, 2021, and postmarked on October 27, 2021. *Id.* at 3, 8–9. On November 3, 2021, Petitioner filed a "supplement to 10/26/2021 motion[.]" ECF No. 17 at 1. This document was dated October 27, 2021, and postmarked on October 28, 2021. *Id.* at 2, 5.

On December 1, 2021, my October 27, 2021 order was returned to the clerk's office from Petitioner's last listed address, the federal correctional institution in Littleton, Colorado. ECF No. 18. A note stating, "[return to sender,] [r]eleased – [n]o [f]orwarding [a]ddress" was handwritten on the envelope. *Id.* at 1. Despite my Initial Order directing Petitioner to inform me of developments warranting the court's attention, Petitioner has not updated his contact information or otherwise contacted Chambers. The Vaccine Rules dictate that *pro se* petitioners are responsible for providing their contact information to the Court and the respondent. Vaccine Rule 14(b)(2) ("The attorney of record . . . must promptly file with the clerk and serve on all other parties a notice of any change in the attorney's contact information."); Vaccine Rule 14(a)(2) (The terms counsel, attorney, or attorney of record in the Vaccine Rules include such individuals appearing pro se.").

Petitioner has had well over sixty days since his motion for an extension of time, dated September 15, 2021. While it does not appear that Petitioner received my order granting his request, he did not follow through by his requested deadline. Furthermore, it has been 124 days since Petitioner's most recent communication, dated October 27, 2021, and he has not provided contact information following his presumed release. Without updated contact information, I have no way to contact Petitioner to rule on his pending motions or issue any other order. Petitioner has not kept his information current, despite my Initial Order, the Vaccine Rules, and his pending motions and deadlines.

When a petitioner fails to comply with Court orders to prosecute his case, the Court may dismiss his claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Petitioner has now missed the last deadline he received as well as the last deadline I set. As Petitioner's address likely changed sometime prior to December 1, 2021, Petitioner has had at least three months to update his contact information or contact Chambers regarding the status of his case. Petitioner's continuing failure to provide the Court with a means to contact him indicates a disinterest in pursuing his claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master